1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **In Re** ) | **Chapter 7 Proceedings** |
| ) | |
| **ROBERT and KIMBERLY MOORE,** ) | **Case No. BR-06-01311-PHX-CGC** |
| ) | |
| **Debtors.** ) | **Adversary No. 06-00637** |
| —————————————————— ) | |
| ) | |
| **LAWRENCE WARFIELD, Chapter 7** ) | **UNDER ADVISEMENT DECISION** |
| **Trustee,** ) | **RE: MOTION FOR SUMMARY** |
| ) | **JUDGMENT AND MOTION TO** |
| **Plaintiff,** ) | **COMPEL TURNOVER AND APPROVE** |
| ) | **SALE OF PROPERTY FREE AND** |
| **v.** ) | **CLEAR OF ALL LIENS** |
| ) | |
| **GENERAL MOTORS ACCEPTANCE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————— ) | |

I.       **Introduction**

        The issue presented is whether the Trustee can avoid the post-petition perfection of a lien on

an automobile under 11 U.S.C. section 549 or section 544(a).

        The facts are not disputed.  Ten days prior to bankruptcy, Debtors purchased a car with funds

advanced by General Motors Acceptance Corporation ("GMAC").  Twenty-nine days later, the lien

was noted on the Title and Registration Application on file and endorsed by the Motor Vehicle

Department-Winslow in an effort to perfect under Arizona Revised Statute ("A.R.S") section 28-

2132.  The Trustee sued GMAC to avoid the lien as an unauthorized post-petition transfer under 11

1   U.S.C. section 549 and 544(a).[1] GMAC argues that its perfection was timely because (1) it occurred

2   within the thirty day window of Section 547(c)(3)(B) and (1) because the perfection of the lien was

3   not a "transfer" within the meaning of Section 549.

4       Section 549(a) allows avoidance of post-petition transfers that are not authorized by the

5   Court or by other provisions of the Code. In delayed perfection cases, such as this one, the usual

6   safe harbor is Section 546(b), which excepts from Section 549's reach perfections that, under other

7   generally applicable law, may relate back to the date value was originally given. Usually, "other

8   generally applicable law" means the particular state's version of the Uniform Commercial Code or

9   its motor vehicle lien statutes.

10  **II.    Transfer**

11      GMAC argues that the perfection of its lien is not a transfer under the Ninth Circuit cases

12  of *In re Shamblin,* 890 F.2d 123 (9th Cir. 1989) and *In re Schwartz,* 954 F.2d 569 (9th Cir. 1991).

13  Neither case is helpful to the GMAC's cause. *Shamblin* held that a tax *sale* conducted under Illinois

14  law was not a transfer within the meaning of Section 549. That holding has no relevance to the

15  question of whether the post-petition perfection of a motor vehicle lien is a transfer, which, under

16  the broad definition of Section 101(54), it clearly is. Indeed, Section 101(54) has been amended

17  since *Shamblin* to remove any ambiguity regarding whether the creation of a lien is a transfer.

18  *Schwartz* dealt with Section 549 only to extent necessary to determine whether violations of the

19  automatic stay are void rather than voidable. The Court stated in *Schwartz*:

20          The law in this circuit is that violations of the automatic stay are void and that
            section 549 applies to transfers of property which are not voided by the stay.

21

22  954 F.2d at 574.

23      That quotation applies precisely to this case. Section 362(b)(24) excepts from the stay

24  those transfers that are not avoidable under Section 549, thereby requiring an analysis of whether

25  a particular transfer fits within an exemption. If it does not fit under an exemption, the transfer

26  is void under *Schwartz*.

27  _____

28      [1]The Trustee also asserted claims under other sections of the Code; however, due to the resolution
    of this issue, it will be unnecessary to address those other claims.

- 2 -

Case 2:06-ap-00637-CGC    Doc 21    Filed 10/27/06    Entered 10/27/06 13:55:42    Desc
Main Document    Page 2 of 5

### III.    The Safe Harbor

Thus, the question presented is whether this perfection fits within the safe harbor.

The perfection does not fit within the safe harbor of Section 546(b) if the applicable law is A.R.S. section 28-2133(B), as it provides only a ten day relation back period and here twenty-nine days passed.  Therefore, GMAC's lien can survive only if the longer thirty day period of Section 547(c)(3)(B) applies.  It does not.  That subsection clearly applies only to preference cases and the Trustee is not seeking relief under that section.

However, a closely  related code provision is Section 326(e)(2), which provides an exception to the automatic stay for "any act to perfect . . . an interest in property . . . to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title." This provision, unlike Section 362(e), is not, on its face, limited to preference actions under Section 547; to wit, it does not contain the limiting language "for the purposes of this section." Is Section 362(e)(2), therefore, "generally applicable law" that, by incorporating the newly expanded thirty day time period of revised Section 547(e)(2)(A), can save GMAC's lien under Section 546(b)?  While this is an intriguing argument, it is neither logical nor supported by the reported decisions.

A case on all fours is *In re Millivision, Inc.*, 331 B.R. 515 (Bkrtcy. D. Mass 2005). There, a lender extended non purchase money credit[2] immediately pre-petition and perfected a few days post-petition.   The issue presented was whether Section 362(e)(2)(b) was "generally applicable law" that provided a relation back safe harbor under Section 546(b) to avoidance under Sections 544 and 549.  The court answered "no" because Section 362(e)(2)(B)'s applicability is limited to bankruptcy cases, not to commercial relationships generally, citing *In re Microfab, Inc.*, 105 B.R. 152 (Bankr. D. Mass 1989) and *In re Planned Protective Services, Inc.*, 130 B.R. 94 (Bankr. C.D. Cal. 1991).[3]  While GMAC is certainly correct that federal law *may* qualify as

---

[2]While this case involves purchase money credit, the difference is immaterial.  It was important in *Millivision* because if the loan had been purchase money, it would have provided a defense against a preference claim, though not against a strong arm claim under Section 544(a).

[3]The Court has located no cases on point at the circuit level.

1    "generally applicable," it has provided no support for the notion that bankruptcy law may so

2    qualify.

3    **IV.    The Remedy**

4            The question that remains is what is the Trustee's remedy under these circumstances?

5    Under *Schwartz*, the transfer is void; therefore, there is no transfer left to avoid under Section

6    549(a).  Section 544(a)(2) gives the Trustee the powers of a hypothetical lien creditor as of the

7    date of the petition, which under applicable Arizona law, would trump GMAC's unperfected

8    security interest. Under Section 544(a), the focus is on the pre-petition *grant* of the security

9    interest, rather than the post-petition *perfection* of the security interest.  However, GMAC argues

10   that, because the title was not issued until after the petition, Debtor had no property to transfer

11   when the grant was made and therefore Section 544(a) does not apply.  This is not the law.

12           At the time of the loan, Debtor obtained possession and use of the vehicle; in UCC terms,

13   Debtor clearly had "rights in the collateral."  Title 28 clearly distinguishes between "ownership"

14   and "title."  "'[O]wnership' exists independent of a certificate of title.  Indeed, even a certificate

15   of title is merely *prima facie* evidence of ownership." *Reinke v. Alliance Towing,* 207 Ariz. 542,

16   88 P.3d 1154 (App. 2004);  *Wallace Imports, Inc. v. Howe*, 138 Ariz. 217, 224, 673 P.2d 961,

17   968 (App.1983) (citing *Pacific Finance Corp. v. Gherna*, 36 Ariz. 509, 287 P. 304 (1930)). While

18   title is determinative of rights between the possessor and a third party, it is not necessary to give

19   the possessor all other indicia of ownership.  Indeed, taking GMAC's claim to its logical

20   conclusion would make its financing documents illusory, as they not only recognize but require

21   that the person granting the security interest is the owner of the vehicle.

22   **V.    Conclusion**

23           Thus, the Trustee's appropriate remedy is avoidance under Section 544(a) as a hypothetical

24   lien creditor asserting a superior claim to the vehicle over that of the unperfected security interest

25   of GMAC.  The Trustee's motion to compel turnover is also granted with respect to the proceeds

26   from the sale of the automobile by GMAC.  Since the vehicle has been sold by GMAC , the

27   Trustee's additional requests for an order approving the Trustee's sale of the vehicle and an order

28   directing the Arizona Motor Vehicle Department to issue a new certificate of title in the Trustee's

- 4 -

name are moot.

Counsel for trustee is to submit a form of order.

So ordered.

DATED: October 27, 2006

CHARLES G. CASE II
United States Bankruptcy Judge

**COPY** of the foregoing mailed by BNC and/or
sent by auto-generated mail to:

Trudy A. Nowak
Anderson & Nowak, PLC
2211 E. Highland Avenue, Suite 211
Phoenix, Arizona 85016
Attorneys for Chapter 7 Trustee

Steven M. Cox
Waterfall Economidis Caldwell et al
Williams Center
5210 E. Williams Cr., 8th Floor
Tucson, Arizona 85711
Attorneys for GMAC

G. Terris Porter
The Porter Law Offices
1052 E. Deuce of Clubs
Show Low, Arizona 85901
Attorneys for Debtors

Robert and Kimberly Moore
8505 Bobcat Dr.
Show Low, Arizona 85901
Debtors

Lawrence J. Warfield
P.O. Box 14647
Scottsdale, Arizona 85016
Chapter 7 Trustee

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003-1725